IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| Margaret Blakey, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  09-CV-1318 |
| | ) | |
| Caterpillar, Inc., Caterpillar | ) | |
| Retirement Income Plan, and | ) | |
| Caterpillar Retirement Income | ) | |
| Plan Benefit Committee, | ) | |
| | ) | |
| Defendants. | ) | |

# REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Plaintiff pursues ERISA claims regarding the denial of her application for surviving spouse benefits.  Before the Court is Defendants' motion to dismiss, which the Court recommends be granted in part and denied in part.

## Allegations

Plaintiff's husband was an employee of Caterpillar, Inc., and a beneficiary of the Caterpillar Retirement Income Plan (the "Plan). (Complaint ¶ 4).  He retired effective on January 1, 1985.  Before he retired, he submitted an application for retirement benefits.  He did not

check the box for waiving a 50% annuitant benefit for Plaintiff, nor did Plaintiff consent in writing to the waiver of those benefits. (Complaint ¶¶ 11-13).

Though neither Plaintiff nor her husband had waived the survivor benefits, "[t]he Plan interpreted Blakey's application as an election to take $50 a month in benefits" in lieu of the survivor benefit, which "resulted in waiver of the right of his spouse, Margaret Blakey, to receive 50% of his retirement annuity benefits after his death without her execution of the Spouse's Consent required . . . ." (Complaint ¶ 15).

Plaintiff's husband passed away in 1997. On some unspecified date, Plaintiff applied to the Plan for survivor benefits. Her application was denied on January 10, 2005, and her appeal was denied on September 22, 2005. (Complaint ¶ 16). She filed this action on September 23, 2009.

## Discussion

"The defense of statute of limitations may be raised in a motion to dismiss if the time alleged in the complaint shows clearly that the cause of action has not been brought within the appropriate statute of limitations." Motor Carrier Audit and Collection Co., a Div. of Delta, 113 B.R. 424, 425 (N.D. Ill. 1989)(citation omitted). As with any 12(b)(6) motion, Plaintiff's

factual allegations are taken as true, with inferences drawn in Plaintiff's favor. In re marchFIRST Inc., 589 F.3d 901, 904 (7th Cir. 2009)(affirming 12(b)(6) dismissal on statute of limitations).

The parties agree that a 10-year statute of limitations applies to Plaintiff's claim for the survivor benefits. Jenkins v. Local 705 Int'l Brotherhood of Teamsters Pension Plan, 713 F.2d 247, 254-55 (7th Cir. 1983). The disagreement is over when that time began to run. Plaintiff contends that her claim accrued when her application for benefits was denied in 2005, while Defendants press that the latest possible date of accrual was when Plaintiff's husband died in 1997.[1]

Plaintiff correctly cites Seventh Circuit precedent which holds that an ERISA benefits claim accrues when an application for benefits is denied. Daill v. Sheet Metal Workers' Local 73 Pension Fund, 100 F.3d 62, 65 (7th Cir. 1996)("[W]e have held that causes of action under . . .[section 502(a)(1)(B) accrue when a claim for benefits is denied.")(citations omitted); Jenkins, 713 F.2d 247, 254 (7th Cir. 1983)("cause of action under Section 502 . . . arose when the trustees denied applicant's benefit application");

---

[1] Defendants also assert that Plaintiff's claim arguably accrued when her husband began receiving $50 more per month for his retirement benefits in 1985. Defendants, however, do not develop this argument. For example, they do not explain how Plaintiff could have known that the monthly payments represented a waiver of her survivor rights.

*see also* Young v. Verizon's Bell Atlantic Cash Balance Plan, 667 F.Supp.2d 850, 887 (N.D. Ill. 2009)("In this Circuit, an ERISA plaintiff is required to exhaust all administrative remedies before bringing an action challenging a denial of benefits. . . Therefore, an ERISA action logically accrues after the final administrative appeal is denied in writing."). The denial need not be in response to a formal application for benefits—the question is whether there has been a "clear and unequivocal repudiation of rights . . . which has been made known to the beneficiary." Daill, 100 F.3d at 66.

Defendants argue that Plaintiff received "a clear and unequivocal repudiation of rights" long before her claim was denied in 2005. They assert that she knew or should have known when her husband died in 1997 that she was not receiving survivor benefits.[2]

Though not cited by Defendants, the Sixth Circuit reached this conclusion in Redmon v. Sud-Chemie, Inc. Retirement Plan for Union Employees, 547 F.3d 531, 540 (6th 2008). In Redmon, the Sixth Circuit held that a widow's claim for survivor benefits accrued when her husband died and she stopped receiving benefits. "[N]o formal or written denial was necessary to put [her] on notice that her survivor benefits had been denied.

---

[2]This argument assumes that all the payments stopped at the death of Plaintiff's husband, which the Complaint does not specifically address.

The cessation of payment was just as clear and unequivocal as sending a letter stating that her benefits had been denied." 547 F.3d at 531. However, the plaintiff in Redmon had not submitted a claim to the Plan within the statute of limitations, which the Court noted would have tolled the statute of limitations.  547 F.3d 539 n. 9.

This Court also found a Northern District of Illinois case which held that a widow's claim for failure to notify accrued on her husband's death, not when her later request for medical coverage was denied.  Thompson v. Continental Casualty Co., 602 F.Supp.2d 943, 946 (N.D. Ill. 2009).  The Court concluded that "[a] reasonable widow in plaintiff's shoes would have inquired into the extent of all available benefits at the time of her husband's death in 1999 or at least within the statute of limitations period."  602 F.Supp.2d at 946 (applying two year statute of limitation action to failure to notify claim under 29 U.S.C. § 1166).  However, as in Redmon, the plaintiff in Thompson did not file a claim with the Plan until after the statute of limitations had run.  Additionally, Thompson dealt with a claim under § 1166, not § 502(a)(1)(B).

The parties have not cited, nor did the Court find, a case that specifically addresses when a surviving spouse's ERISA claim for survivor

benefits accrues. It seems obvious that a surviving spouse could not indefinitely extend the statute of limitations by indefinitely delaying the filing of a claim for benefits. Here, though, Plaintiff did file her claim with the Plan within the ten year statute of limitations. That was not the case in Redmon or Thompson. Additionally, even if the death of her husband started the clock running, the parties do not address whether the statute of limitations was tolled pending the processing of her 2005 application.[3]

    Additionally, in the Seventh Circuit Jenkins case cited by the parties, one of the plaintiff's claims appears to have pursued retirement benefits reaching back 13 years from the filing of the complaint. Jenkins v. Local 705 International Brotherhood of Teamsters Pension Plan, 713 F.2d 247, 248, 250, 254 (7th Cir. 1983); *see also* Young v. Verizon's Bell Atlantic Cash Balance Plan, 667 F.Supp.2d 850, 887 (N.D. Ill. 2009) (claim for benefits accrued after final appeals denied, not when alleged underpayment was

---

[3]Plaintiff does not say when she filed her claim, so calculation of tolling is not possible. There is also no information about whether Plaintiff timely pursued her claim and appeal under the Plan documents. If Plaintiff did not timely exhaust her internal remedies, her action may be dismissed for lack of exhaustion, regardless of the statute of limitations. Gallegos v. Mount Sinai Medical Center, 210 F.3d 803 (7th Cir.2000)(affirming dismissal of ERISA claim for failure to exhaust where timely appeal not filed); Young v. Verizon's Bell Atlantic Cash Balance Plan, 667 F.Supp.2d 850, 887 (N.D. Ill. 2009)("In this Circuit, an ERISA plaintiff is required to exhaust all administrative remedies before bringing an action challenging a denial of benefits . . ."). The exhaustion question is not before the Court.

made)(applying Pennsylvania's four year statute of limitations). The plaintiff in <u>Jenkins</u> filed for retirement benefits in 1978, several months after he turned 65 years old. After the Plan denied that request, the plaintiff filed a motion for reconsideration and made an additional, new request for early retirement based on his age of 57 in 1969, which reached back over ten years before he filed his claim with the Plan. The Seventh Circuit held that the plaintiff had internally exhausted all his claims, including the claim for early retirement benefits, and had timely filed his court claim within 10 years of the denial of his initial request for benefits.

Given the discussion above, the Court concludes that the Complaint does not clearly show that Plaintiff's § 502(a)(1)(B) claim is barred by the ten-year statute of limitations. Plaintiff filed her claim with the Plan within ten years of her husband's death, even if her husband's death is the date of accrual. The cases cited by Defendants do not compel the conclusion that her court claim must have also been filed within those ten years. Additionally, more information is needed, such as the date Plaintiff filed her claim, whether all payments to Plaintiff ceased at her husband's death, whether circumstances exist to justify laches,[4] whether tolling during the

---

[4] Defendants argue laches, but that determination cannot be made on a motion to dismiss.

claims processing is required, and whether the Plan provisions address the statute of limitations. Accordingly, the Court will recommend that Defendants' motion be denied, but with leave to renew on summary judgment.

In addition to pursuing a claim for benefits, Plaintiff also pursues a claim for "breach of fiduciary duties in claims processing." (Complaint p. 6). Plaintiff contends in her response that this claim is not based on Section 502(a)(3) of ERISA.[5] She seems to argue that it is an alternate theory to recover benefits under Section 502(a)(1)(B):

> If Caterpillar's denial of Margaret Blakey's claim for surviving spouse benefits is not a breach of the Plan, then it is because Caterpillar breached its duty of care in claims processing (a) in refusing to clarify the lack of a check in the space provided for annuity benefits, (b) failing to inform Blakey that the result of his election to receive the benefit would provide him with $50 extra benefits per month and deny his spouse 50% of the benefits he received if she survived him, and () [sic] failing to apply the requirement of a written Spouse's Consent . . .

(d/e 13, pp. 7-8).

Defendants appear correct that if this alternate theory of relief under § 502(a)(1)(B) is an attempt to recover extracontractual damages, those

---

[5] The Court accordingly does not address Defendants' statute of limitations argument for breach of fiduciary duty claims or their arguments about monetary relief under Section 502(a)(3).

damages are not available under that section.  Harsch v. Eisenberg, 956 F.2d 651, 655 (7th Cir. 1992)(compensatory and punitive damages not available in action under § 502(a)(1)(B)).  Further, a 502(a)(1)(B) claim is limited to contractual actions—what is due under the terms of the Plan—not what is due for breaches of other legal duties.  956 F.2d at 655-656; Tolle v. Carroll Touch, Inc., 977 F.2d 1129, 1133 (7th Cir. 1992)("502(a)(1)(B) claims are creatures of contract law."); 29 U.S.C. § 1132(A)(1)(B)("to recover benefits due . . .*under the terms of his plan*, to enforce his rights *under the terms of the plan*, or to clarify his rights to future benefits *under the terms of the plan*).

> When someone raises a Section 502(a)(1)(B) claim, he or she is essentially asserting his or her contractual rights under an employee benefit plan. Jenkins v. Local 705 Int'l Brotherhood of Teamsters Pension Plan, 713 F.2d 247, 252-53 (7th Cir.1983). And, the wrong that the person alleges in bringing such an action is that despite the fact that he or she has satisfied the conditions necessary for benefits under the plan, the defendant has failed to abide by the terms of the plan. Not surprisingly, this court has concluded that Section 502(a)(1)(B) claims are creatures of contract law.

Tolle, Inc., 977 F.2d at 1133.

Plaintiff's alternative theory of relief is not based on the terms of the Plan, and therefore states no claim under § 502(a)(1)(B).  Accordingly, the

Court will recommend that Plaintiff's "claims processing" claim be dismissed.

WHEREFORE, the Court RECOMMENDS that Defendant's Motion to Dismiss be granted in part and denied in part (d/e 10). The Court recommends dismissal of Plaintiff's "claims processing" claim under § 502(a)(1)(B) of ERISA. The Court further recommends that Defendants' motion to dismiss on statute of limitations grounds be denied, but with leave to renew in a summary judgment motion on a more developed record.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER:   March 8, 2010

*s/ Byron G. Cudmore*
_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE