## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| MARGARET BLAKEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-cv-1318 |
| ) | |
| CATERPILLAR INC., CATERPILLAR ) | |
| RETIREMENT INCOME PLAN, and ) | |
| CATERPILLAR RETIREMENT INCOME ) | |
| PLAN BENEFIT COMMITTEE, ) | |
| ) | |
| Defendants. ) | |

## O R D E R  &  O P I N I O N

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 10). Plaintiff has filed her Response in opposition to the Motion, and Defendants were granted leave to file a Reply in support of their Motion. (Docs. 13 & 15). Also before the Court is a Report and Recommendation ("R&R") from Magistrate Judge Cudmore on the Motion to Dismiss, in which he recommends that the Motion be denied in part and granted in part. (Doc. 16). Plaintiff has timely filed Objections to the R&R, and Defendants have filed a Response to Plaintiff's Objections. (Docs. 17 & 19). For the reasons stated below, the Motion to Dismiss is denied in part and granted in part, and the R&R is adopted.

### LEGAL STANDARD

"In ruling on Rule 12(b)(6) motions, the court must treat all well-pleaded allegations as true and draw all inferences in favor of the non-moving party." *In re*

*marchFIRST Inc.*, 589 F.3d 901, 904 (7th Cir. 2009) (*citing Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir.2008)).  To survive a motion to dismiss under 12(b)(6), a plaintiff's complaint must "plead some facts that suggest a right to relief that is beyond the 'speculative level.'"  *EEOC v. Concentra Health Svcs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560-63 (2007)).  Though detailed factual allegations are not needed, a "formulaic recitation of a cause of action's elements will not do."  *Twombly*, 550 U.S. at 547.  "The complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'"  *Bissessur v. Indiana University Bd. of Trustees*, 581 F.3d 599, 602 (7th Cir. 2009) (*quoting Twombly*, 550 U.S. at 557; *Tamayo*, 526 F.3d at 1084).  "A claim has facial plausibility 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Id.* (*quoting Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)).

On the other hand, "complaints need not anticipate and attempt to plead around defenses."  *U.S. v. Northern Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004) (*citing Gomez v. Toledo*, 446 U.S. 635 (1980); *United States Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623 (7th Cir. 2003)).  Dismissal on statute of limitations grounds should only be granted where the "plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness."  *Cancer Foundation, Inc. v. Cerberus Capital Management, LP*, 559 F.3d 671, 674-75 (7th Cir. 2009) (*citing Hollander v. Brown*, 457 F.3d 688, 691 fn. 1 (7th Cir. 2006) ("a federal complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense")).

A district court reviews *de novo* any portion of a Magistrate Judge's R&R to which a "specific written objection has been made." FED. R. CIV. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

## BACKGROUND[1]

Plaintiff's husband was an employee of Caterpillar, Inc., until his retirement January 1, 1985, and was a beneficiary of the Caterpillar Retirement Income Plan ("Plan"). He submitted an application for retirement benefits on December 4, 1984, and did not indicate that he wished to waive Plaintiff's surviving spouse benefits, either by checking the box provided for such waiver or by supplying written consent to such waiver by Plaintiff. The Plan, however, "interpreted his application as an election to take $50 a month in benefits" rather than maintaining Plaintiff's survivor benefit of 50% of his retirement annuity benefits after his death. Plaintiff's husband died in 1997, and subsequent to his death, Plaintiff applied to the Plan for survivor benefits. Plaintiff's application for survivor benefits was denied on January 10, 2005. She appealed, which was denied on September 22, 2005.

Plaintiff filed the instant action on September 23, 2009, raising two alternative claims for benefits under the Employee Retirement Income Security Act ("ERISA"). Plaintiff's first claim arises under § 502(a)(1)(B) of ERISA, 29 U.S.C. §

---

[1] These background facts are drawn from the allegations of the Complaint, and are assumed to be true for purposes of disposing of the instant Motion.

1132(a)(1)(B).² In it, she argues that she is entitled to the 50% survivor annuity benefits provided for by the Plan. Plaintiff's alternate claim to relief argues that, if she is not entitled to the survivor benefits under the Plan, she is entitled to recover these benefits because Defendants breached their fiduciary duties in processing Plaintiff's husband's election of benefits by interpreting his application as a waiver of Plaintiff's right to surviving spouse benefits.

Defendants' Motion to Dismiss argues that the first claim is time-barred, and that the alternate claim is for "extracontractual" damages not recoverable under § 502(a)(1)(B).³ Defendants argued that the first claim is time-barred because the applicable 10-year statute of limitations began to run in 1997, when Plaintiff did not receive a survivor benefit upon her husband's death. They argued that the alternate claim is not viable under *Harsch v. Eisenberg*, in which the Seventh Circuit held that "extracontractual damages caused by improper or untimely processing of benefit claims" are not recoverable under § 502(a)(1)(B). 956 F.2d 651, 655 (7th Cir. 1992). Plaintiff argued in response that the applicable accrual date was 2005, when her application for benefits was denied, and that "a breach of

---

² § 502(a)(1)(B) of ERISA provides that: "[a] civil action may be brought (1) by a participant or beneficiary…(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

³ Defendants' Motion initially assumed that Plaintiff's second claim actually arose under § 502(a)(3) of ERISA, which provides a cause of action for breach of fiduciary duty. 29 U.S.C. § 1132(a)(3). In her Response, Plaintiff clarified that the alternate claim arises under § 502(a)(1)(B). (Doc. 13). Defendants were permitted to file a Reply, in which they made the argument regarding the alternate claim discussed above.

4

[fiduciary] duty is encompassed in a Section 502(a)(1)(B) claim for benefits." (Doc. 13 at 2-3, 6-9).

### DISCUSSION

In his R&R, Magistrate Judge Cudmore recommended that Defendant's Motion be denied as to Plaintiff's first claim, with leave to renew the argument upon a fuller record in a Motion for Summary Judgment. He distinguished the cases of *Redmon v. Sud-Chemie, Inc. Retirement Plan for Union Employees*, 547 F.3d 531, 540 (6th Cir. 2008), and *Thompson v. Continental Casualty Co.*, 602 F.Supp.2d 943, 946 (N.D. Ill. 2009), in which the two courts had found that the plaintiffs' survivor claims had accrued on their employee-spouses' deaths because the plaintiffs knew or should have known that their benefits had stopped at that point, finding that the plaintiffs in those cases had not filed a claim with the defendants within the statute of limitations period. He also noted that in the case cited by Defendants, *Jenkins v. Local 705 International Brotherhood of Teamsters Pension Plan*, the plaintiff was allowed to pursue benefits from 13 years prior to filing the complaint. 713 F.2d 247, 248, 250, 247 (7th Cir. 1983). Magistrate Judge Cudmore found that, as Plaintiff had filed her claim for benefits prior to 2005 and therefore within ten years of her husband's death, "the cases cited by Defendants do not compel the conclusion that [Plaintiff's] court claim must also have been filed within those ten years." (Doc. 16 at 7). He therefore found that dismissal at this stage was inappropriate, as more information is needed before it can be determined whether Plaintiff's claim is timely.

5

As to Plaintiff's alternate claim for "breach of fiduciary duties in claims processing," Magistrate Judge Cudmore recommended dismissal. Citing to *Harsch*, he found that "extracontractual" damages are not available under § 502(a)(1)(B). He also noted that § 502(a)(1)(B) claims are limited to "what is due under the terms of the Plan -- not what is due for breaches of other legal duties." (Doc. 16 at 9 (*citing Harsch*, 956 F.2d at 655-56; *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1133 (7th Cir. 1992))). Since Plaintiff's alternate claim is not based on the terms of the Plan, but asserts a claim for benefits if it is determined that she is not due benefits under the Plan, Magistrate Judge Cudmore found that it states no claim under § 502(a)(1)(B).

The Court first notes that no specific written objection has been made to the portion of the R&R recommending that Defendants' Motion to Dismiss be denied with leave to renew the argument on summary judgment, as to Plaintiff's first claim for relief under § 502(a)(1)(B). Therefore, this portion of the R&R, with which the Court agrees, is adopted without further review by this Court. FED. R. CIV. P. 72(b)(3).

As to the portion of the R&R addressing Plaintiff's alternate claim, to which Plaintiff has objected, the Court also adopts it after *de novo* review. In *Harsch*, the plaintiffs sought, under § 502(a)(1)(B), to recover compensatory damages (not the previously-denied benefits, which they eventually received from the defendant during the litigation) resulting from the defendant's alleged mishandling of their claims for benefits -- they styled their right to relief as a "contractual right to 'proper treatment' under the terms of the Plan." *Harsch*, 956 F.2d at 656. The

6

Seventh Circuit held that such "extracontractual" compensatory damages were not available under § 502(a)(1)(B), relying on *Massachusetts Mutual Life Ins. Co. v. Russell*. *Id.* at 654-56 (*citing Russell*, 473 U.S. 134 (1985)).

Here, Plaintiff asserts that, if her primary claim for benefits under § 502(a)(1)(B) is denied, she has a right to recover the survivor benefits she did not receive. Though she does not label this claim as one for "extracontractual" or compensatory damages, it is undoubtedly that, with the damages measured by the benefits she would have received but for the alleged mishandling of her husband's election form. *Harsch* makes clear that there is no right under § 502(a)(1)(B) to an independent cause of action for improper treatment or improper claims processing.[4] Rather, § 502(a)(1)(B) provides for recovery of "benefits due *under the terms of the plan*." (emphasis added). If Plaintiff is entitled to survivor benefits under the terms of the Plan, she will recover in this case.[5] If the Plan itself does not provide survivor benefits to Plaintiff, then she cannot recover under § 502(a)(1)(B). She does not have a claim to damages or benefits under § 502(a)(1)(B) that exists solely by virtue

---

[4]    Plaintiff argues that dismissal of this alternate claim "allows the Plan Administrator the benefits of fiduciary status without the burdens of the duty of loyalty and care to the Plan and its beneficiaries." (Doc. 17 at 3). The Seventh Circuit noted a similar concern in *Harsch* -- "We can see -- particularly as illustrated by the case at bar -- good reasons to allow beneficiaries to recover extracontractual damages under ERISA…[and] the policy implications in cases such as the one before us may be troubling" -- but found itself constrained by the language of ERISA and the Supreme Court's decision in *Russell*. *Harsch*, 956 F.2d at 655. This Court is constrained by the same considerations, and by the Court of Appeals' analysis in *Harsch*.

[5]    This determination will necessarily include analysis of whether Defendants followed the terms of the Plan when processing Plaintiff's husband's election form. The cases discussed in this Opinion indicate that Defendants' conduct in processing Plaintiff's claim may be taken into account in determining the applicable standard of review.

7

of an alleged breach of fiduciary duty by Defendants. In her Response to Defendants' Motion to Dismiss and in her Objection to the R&R, Plaintiff cites to several cases from outside this Circuit, claiming that they support her argument that § 502(a)(1)(B) provides a cause of action for damages (measured here by lost benefits) due to breach of fiduciary duty in claims processing. None of these cases are binding, and do not overcome clear, binding precedent from the Seventh Circuit that such a claim is unavailable.[6]

---

[6] Further, as pointed out by Defendants, these cases do not support her claim. In *Anderson v. Blue Cross/Blue Shield of Alabama*, the Eleventh Circuit held that the arbitrary and capricious standard of review applied because the defendant had allowed a conflict of interest to contaminate the claim decision, but found that the plaintiff was not eligible for benefits; no benefits were awarded, showing that there is no independent right to damages or benefits where there is a breach of fiduciary duty. 907 F.2d 1072, 1076 (11th Cir. 1990). In order to recover benefits, the plan itself must entitle the plaintiff to them.

In both *Rasenack ex rel. Tribolet v. AIG Life Ins. Co.* and *Gaither v. Aetna Life Ins. Co.*, the Tenth Circuit remanded the cases for determination of whether the plaintiffs were entitled to benefits under the respective plans. *Rasenak*, 585 F.3d 1311 (10th Cir. 2009); *Gaither*, 394 F.3d 792 (10th Cir. 2004). The *Rasenak* court held that, where the plan administrator had unjustifiably delayed processing the plaintiff's claim, the district court should apply *de novo* review to the administrator's decision. 585 F.3d at 1317-18. In *Gaither*, the court held that the administrator's "resolution of [the plaintiff's] claim was arbitrary and capricious," and required the defendant to reconsider its previous denial of benefits. 394 F.3d at 809. Neither case held that where the administrator errs, benefits should be awarded to the plaintiff irrespective of whether they are provided for by the plan -- both required consideration of whether benefits were due under the terms of the plans.

Plaintiff also cites to two cases involving claims for breach of fiduciary duty, *Krohn v. Huron Memorial Hospital* and *Allinder v. Inter-City Products Corp*. *Krohn*, 173 F.3d 542 (6th Cir. 1999); *Allinder*, 152 F.3d 544 (6th Cir. 1998). In *Krohn*, the Sixth Circuit held that the defendant had breached its fiduciary duty to the plaintiff, and remanded the case to the district court to determine the plaintiff's damages -- it did not award the denied benefits as damages, as Plaintiff alleges. 173 F.3d at 552. Though the court in *Krohn* did not state under what section of ERISA the case arose, it must have been § 502(a)(3), which provides for a cause of action to remedy violations of ERISA, such as violations of the fiduciary requirement, not under § 502(a)(1)(B), which provides for recovery of benefits due

8

CONCLUSION

For the reasons stated above, Magistrate Judge Cudmore's Report and Recommendation (Doc. 16) is ADOPTED. Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 10) is DENIED IN PART and GRANTED IN PART. Defendants' Motion to Dismiss is DENIED, with leave to renew the argument on summary judgment, as to Plaintiff's first claim for relief under § 502(a)(1)(B). Defendants' Motion to Dismiss is GRANTED as to Plaintiff's alternate claim for relief under § 502(a)(1)(B), alleging "breach of fiduciary duty in claims processing;" this claim is DISMISSED WITH PREJUDICE. Plaintiff SHALL file an Amended Complaint within 14 days of the date of this Order omitting this alternate claim. This matter is REFERRED to Magistrate Judge Cudmore for further pretrial proceedings.

Entered this 25th day of May, 2010.

s/ Joe B. McDade<br>JOE BILLY McDADE<br>United States Senior District Judge

---

under the plan. *Allinder* was decided by the Sixth Circuit under § 502(a)(3); the court determined that damages were not available under that section.[6] 152 F.3d at 548. As Plaintiff has specifically stated that she does not bring her claim pursuant to § 502(a)(3), whether this section provides for damages under Plaintiff's allegations is irrelevant. (Doc. 13 at 6).